Bradley, J.
The evidence presented a question of fact, and supported the conclusion that the money was obtained by the false and fraudulent representations of the defendant. It is contended that there was no liability to the plaintiff because the dog did not belong to her, but was owned by her husband, that the money was paid by him, and not by her, to the defendant, and that although it was her money, which by her consent he appropriated for the purpose, it was a payment by him in discharge of what as then assumed and understood was his Hability, not hers, and, therefore, as between her and the defendant, the money must be deemed that of the husband, and the remedy his only. If this were an action upon contract, to recover as for money had and received, the defendant’s contention would clearly be supported, because the money would be deemed to have been advanced by the wife to or for the husband, and for his purposes only, and no privity could arise between the wife and the party to whom it was paid; and the rule would apply to the advance and payment made by one person for or on account of another.
The relation in such case arising out of the transaction is *256 between the party for whose benefit the advance or payment is made and the party receiving it on such account. Rightmire v. Kimball, 5 T. & C., 95.
This action is for alleged fraud and does not rest in contract or depend upon priority. Fraud of a defendant and damage to a plaintiff as its legitimate consequence are the only requisites for remedy and relief. The cover and form given to the transaction do not necessarily constitute any legal interruption to judicial results. Benton v. Pratt, 2 Wend., 385; Upton v. Vail, 6 John., 181; Banney v. Dewey, 13 id., 224; Nichols v. Drew, 19 Hun, Bartholemew v. Bentley, 15 Ohio, 659; S. C., 45 Am. Dec., 596.
The trial court was permitted by the evidence to conclude that the money belonged to the plaintiff, that she was induced by the fraudulent representations of the defendant to allow it to be used for the purpose to which it was applied, and that through her husband she paid the money to discharge his supposed liability to the defendant which she by the fraud of the latter was led to believe existed. And thus the money was obtained by the defendant from her by means of such representations. And for the purposes of the remedy in the form of the action as brought the connection between the fraudulent cause which induced the plaintiff to part with her money and the payment of it to the defendant was not broken by the assumed .relation between the defendant and the husband in the transaction, inasmuch as damages may be said to have resulted to the plaintiff as the consequence of the fraud. The justice was not required to find that the money became that-of the husband, although it was paid to discharge his supposed liability. Her money was taken by the husband and handed in her presence to the defendant. And although the question may be a close one, we think it may be inferred in view of the attending cirumstances, that she permitted him to .pay the money for such purpose, and that the payment may be treated as made by her rather than a loan to the husband.
We have assumed that the act of payment to the defendant was done by the hand of the latter, in disregard of the slight and not very satisfactory evidence that it may have been done by that of the plaintiff. The fact that,an action could have been in the first instance maintained by the husband, founded upon the same cause, because the money was paid on the charge of his liability, is not in the way of the recovery here, in the view taken of the facts inferable in behalf of the plaintiff’s right of action. Nor after such recovery can an action for the same cause be sustained by the husband upon the same facts which are found to support the recovery by the plaintiff in this action, *257 because of the privity of the relation between them, which those facts produce. And the fact that the burden might in such case be with the defendant to prove such relation as against the husband is not a question involved in the consideration of this case here.
A careful examination of the evidence and all the objections taken on the trial leads to the conclusion that the judgment is supported and no error committed on the trial.
The judgment should be affirmed.
Smith, P. J., and Haight, J. concur.